IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. BUTLER              *
    Petitioner,
    v.                              *   CIVIL NO. WMN-04-3045

WARDEN STEPHEN M. DEWALT     *
    Respondent.
                                      ******

## **MEMORANDUM**

James A. Butler, an inmate confined at the Federal Correctional Institution in Cumberland, Maryland, filed this 28 U.S.C. § 2241 Petition for habeas corpus relief. Petitioner first asserts that he is serving an aggregate life sentence imposed in 1991 by the United States District Court for the Eastern District of Virginia. He further asserts that in July of 1993, his conviction on count one of the indictment, for conspiracy to distribute cocaine under 21 U.S.C. § 846, was vacated by the United States Court of Appeals for the Fourth Circuit.

The allegations which follow in the Petition are not a model of clarity. Petitioner complains that the district court order which amended the judgment in response to the Fourth Circuit mandate did not address the 21 U.S.C. § 853 criminal forfeiture portion of count one of the indictment. According to the Petition and the attached administrative remedies filed with U.S. Bureau of Prison officials, Petitioner seemingly claims that the criminal indictment was inartfully drafted and that his "Sentencing Computation Data" should be modified to reflect that the 21 U.S.C. § 853 forfeiture charge included in count one of the indictment was also vacated pursuant to the Fourth Circuit mandate.

A Response to the Petition was filed on February 18, 2005. Paper No. 9. The court has now been provided unopposed documents which reflect Petitioner's criminal case history.[1] *Id*. Upon review of the record, the Petition may be determined on the pleadings without oral hearing. For reasons to follow, the cause of action shall be dismissed.

In August of 1991, Petitioner was convicted by a jury in the United States District Court for the Eastern District of Virginia of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, conspiracy to defraud, money laundering, and engaging in a criminal enterprise, in violation of 21 U.S.C. §§ 841(a), 846, and 848, 18 U.S.C. §§ 2, 371, and 1956, and 31 U.S.C. §§ 5324 and 5322(B). *United States v. Butler*, Criminal No. 91-44 (E.D. Va. 1991). On direct appeal the Fourth Circuit vacated Petitioner's 21 U.S.C. § 846 conspiracy conviction. *United States v. Butler*, 993 F.2d 229, 1993 WL 130202 (4th Cir. April 27, 1993). The criminal judgment was otherwise affirmed.

The criminal court docket reflects that on June 26, 1995, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, which was summarily denied. Paper No. 9, Ex. A. On November 12, 1996, Petitioner filed a motion to correct illegal sentence, which was denied on November 17, 1996. The Fourth Circuit affirmed that decision. *See United State v. Butler*, 108 F.3d 1373, 1997 WL 125942 (4th Cir. March 20, 1997). Petitioner filed additional § 2255 requests, which were addressed in a March 9, 2001 omnibus opinion issued by Judge Richard L. Williams of the United States District Court for the Eastern District of Virginia. Paper No. 9, Ex. B. Judge Williams's opinion reveals that Petitioner attacks the 21 U.S.C. § 853 forfeiture count, alleging that:

---

[1] Petitioner was granted additional time, to and including April 15, 2005, within which to file his Reply. As of the within signature date, he has not filed a response.

2

| | |
|---|---|
| Claim L | The Fourth Circuit decision on direct appeal that ordered vacation of the drug conspiracy count also required vacation of the forfeiture. The government did not comply with Fed. R. Crim. P. 7(c)(2); and |
| Claim [R] | The forfeiture cannot stand because the Fourth Circuit reversed Butler's conviction on Count One. |

Paper No. 9, Ex. B at 19-20.

Judge Williams ruled that these claims, among others, were barred by the statute of limitations.[2] *Id.*, Ex. B at 24-25, & 27. The Fourth Circuit dismissed the appeal of Judge Williams's decision. *United States v. Butler*, 34 Fed.Appx. 130, 2002 WL 984330 (4th Cir. May 14, 2002).

The exhibits further show that Petitioner filed numerous unsuccessful motions in the sentencing court seeking to return seized property and to correct an illegal sentence or judgment. Three of those motions raise the § 2241 claim now before this court, alleging that because count one of the indictment included charges filed under 21 U.S.C. § 846 and 853 and because the Fourth Circuit decided to vacate count one of the indictment, the § 853 count should also be vacated. Paper No. 9, Exs. K and Q-S.

Respondent argues that as this Petition does not attack the execution of Petitioner's sentences, but represents a direct attack on the legality of the imposition of a sentence, it is properly construed as a 28 U.S.C. § 2255 Motion and must be filed in the sentencing court. He asserts that the presentation of the claim as one filed under § 2241 represents a "transparent attempt" at forum shopping as Petitioner has raised this precise issue on multiple occasions in the sentencing court.

---

[2] The court observes that Petitioner also challenged the forfeiture of property in this § 2255 Motion. Paper No. 9, Ex. B at 4-6. Judge Williams concluded that such claims were not the proper subject of a § 2255 Motion and even if Petitioner could use § 2255 to litigate his Fed. R. Crim. P. 7(c)(2) claim, the ground was defaulted and lacked substantive merit. *Id.*, Ex. B at 6, n. 3

3

This court concurs. The Petition, taken in context with the record before the court, shows that Petitioner is seeking to attack the original and amended criminal judgments imposed in the federal court in Virginia. For all intents and purposes, he is seeking to vacate the portion of his conviction and sentence which involves the forfeiture of various property. This issue is properly filed in a § 2255 Motion and is to be presented to the sentencing court. *See Roccisano v. Menifee*, 293 F.3d 51, 57 (2$^d$ Cir. 2002); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *Townsend v. Davis*, 254 F.Supp.2d 978, 981-82 (W.D. Tenn. 2003); *Gonzalez v. United States*, 150 F.Supp.2d 236, 240 (D. Mass. 2001). That the precise issue was raised in the Virginia sentencing court and denied by Judge Williams in 2001[3] does not provide Petitioner a foundation for invoking this court's § 2241 habeas corpus jurisdiction.

The law is well established that § 2241 petitions are intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d at 1194, n. 5. Petitioner may be attempting to utilize § 2241 under the "savings clause" provision of § 2255[4] to attack the validity of his judgment on the basis that he is barred from filing a successive § 2255 motion and that the § 2255 remedy is inadequate and ineffective to test the legality of his detention. Under Fourth Circuit law, however, he may not do so. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

---

[3] The claim was also denied by Judge Williams on January 27, 2005, when filed in the context of a motion to correct judgment. *See* Paper No. 9, Ex. S

[4] 28 U.S.C. § 2255 provides in part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

"It is well established that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision ... [The Fourth Circuit Court of Appeals has] held: § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Young v. Conley*, 128 F. Supp.2d 254, 357 (S.D. W.Va. 2001) (*quoting In re Jones*, 226 F.3d 328 (4th Cir. 2000) ( internal citations omitted).

Plainly, Petitioner's remedy under § 2255 has not been rendered ineffective or inadequate merely because he is precluded from filing a successive § 2255 motion. *See San-Miguel v. Dove*, 291 F.3d 257, 261, n.2 (4th Cir. 2002). For the aforementioned reasons, the court finds that Petitioner's ground is not cognizable under § 2241. The Petition is hereby dismissed.

A separate Order follows.

/s/

Date: May 3, 2005

William M. Nickerson
Senior United States District Judge

5